UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KAAMEL MATHIS,

               Plaintiff,               CASE NUMBER: 08-12969
                                                 HONORABLE VICTORIA A. ROBERTS

v.

GREGORY TOURVILLE,

               Defendant.
_____/

## ORDER ON MOTIONS IN LIMINE

### I. INTRODUCTION

Plaintiff Kaamel Mathis sued Defendant Gregory Tourville under 42 U.S.C. § 1983 for violating his civil rights. Trial is set to begin on March 16, 2010. Before the Court are two motions in limine: Plaintiff's motion to preclude hearsay statements (Dkt. #20) and Defendant's motion to exclude references to non-parties (Dkt. #21). The Court heard argument on March 8, 2010.

The motions are **GRANTED IN PART**, and **DENIED IN PART**.

### II. BACKGROUND

At the time of these events, Plaintiff worked as head of security at a nightclub in downtown Detroit; Defendant worked for the Detroit Police Department, as an officer assigned to the Gang Enforcement Squad.

In the early hours of January 1, 2008, Plaintiff and other security staff escorted unruly patrons out of the club, when an altercation began in the club's entryway. At almost the same time, Defendant and his colleague Maureen Whitten pulled up in their

unmarked scout car. Defendant and Officer Whitten wore t-shirts inscribed with the words "Gang Squad," and wore badges around their necks.

Defendant claims that, upon exiting the car, he saw Plaintiff standing on the sidewalk shooting a gun at one of the patrons, a man named Michael Mitchell. Defendant drew his police-issued weapon and fired six shots, hitting Plaintiff in the abdomen, back and finger. Plaintiff denies he carried a firearm; officers found no weapon at the scene.

In July 2008, Plaintiff filed this civil action for damages, stating claims for violation of the Fourth and Fourteenth Amendments of the United States Constitution, and common law assault and battery. On February 5, 2010, the parties filed these motions in limine.

## III. ANALYSIS

### A. Defendant's Motion

Defendant asks the Court to prohibit any reference to the City of Detroit Law Department, and to prior notorious police brutality cases. The Court grants Defendant's request on relevancy grounds: there is no relationship between the events of this case and the City of Detroit Law Department; likewise, the existence of other notorious police brutality cases has no bearing. The Court notes that, at the hearing on this motion, Plaintiff stated he does not intend to make such references.

Defendant also asks the Court to prohibit reference to his employer, the City of Detroit. Defendant's employment by the City of Detroit is eminently relevant, because it is the reason he was present, with a firearm, at the scene of the incident. Defendant

2

drove an unmarked scout car, wore a "Gang Squad" t-shirt with a badge around his neck, and he identified himself as a police officer before shooting Plaintiff. His employment is relevant to whether Plaintiff's civil rights were violated.

The Court holds that Plaintiff may refer to the City of Detroit in the context of Defendant's employment as a police officer. However, Plaintiff may not mention the City to suggest that Defendant is covered by its insurance policy. *See* Fed. R. Evid. 411 ("Evidence that a person was or was not insured against liability is not admissible upon the issue whether the person acted negligently or otherwise wrongfully.").

Finally, Defendant asks to exclude Plaintiff's Exhibits 513, 514 and 515, which relate to his involvement in other police brutality cases. The Court sees no grounds to admit such evidence at this juncture, although Defendant's prior acts could conceivably acquire relevance depending on trial testimony. *See* Fed. R. Evid. 404(b) (evidence of other acts may be admitted to prove motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident). Therefore, the Court defers a ruling until trial.

### B. Plaintiff's Motion

#### 1. Statement of Michael Mitchell

Michael Mitchell was the nightclub patron whom Plaintiff allegedly tried to shoot before he himself was shot by Defendant. On the night of the incident, Mr. Mitchell gave a witness statement, which was transcribed by Officer Gordon Hampton. Mr. Mitchell signed Officer Hampton's transcription on the bottom of each page; however, he refused to have his statement recorded. Mr. Mitchell was not injured in the incident,

but died of unrelated causes a few months later, in North Carolina.

In his statement, Mr. Mitchell recounts that he was ordered to leave the nightclub by a security guard. (Mot. Ex. 1 at 1.) The security guard pushed Mr. Mitchell towards the door, and there was a commotion as other guards pushed other patrons outside. (*Id.* at 2.) At that time, Mr. Mitchell saw the guard who ordered him to leave holding a black, short-barreled gun in his hand. (*Id.* at 2-3.) The guard pointed the gun at Mr. Mitchell, raised it, and fired one shot into the air. (*Id.* at 2.) Mr. Mitchell fell down unhurt, then got up and ran away. (*Id.*) He described his assailant as a large black man of brown complexion, with wavy hair and a skull cap, wearing a black security outfit and a chain around his neck with what looked like a triangular badge. (*Id.* at 2-3.)

Plaintiff says Mr. Mitchell's statement is inadmissible hearsay. Defendant argues that, due to Mr. Mitchell's unavailability to testify, the statement is admissible under Rule 804. In the alternative, Defendant invokes Rule 807, the residual exception to hearsay.

Under Rule 804, there are four types of out-of-court statements which can be admitted into evidence despite the declarant's unavailability as a witness: (1) former testimony; (2) statements under belief of impending death; (3) statements against interest; and (4) statements of personal or family history. Fed. R. Evid. 804(b). Mr. Mitchell's statement does not fall under any of these categories; therefore, Rule 804 does not apply.

Defendant also claims Mr. Mitchell's statement falls under Rule 807, the residual hearsay exception to hearsay. Rule 807 states:

> A statement not specifically covered by Rule 803 or 804 but having equivalent circumstantial guarantees of trustworthiness, is not excluded by the hearsay rule, if the court determines that (A) the statement is offered

> as evidence of a material fact; (B) the statement is more probative on the point for which it is offered than any other evidence which the proponent can procure through reasonable efforts; and (C) the general purposes of these rules and the interests of justice will best be served by admission of the statement into evidence.

The Court is not convinced. First, the only investigator who spoke to Mr. Mitchell about the incident was Officer Hampton; however, Defendant does not list him as a potential trial witness. Officer Hampton is the only person who can attest to the circumstances under which the statement was made, for example: whether Mr. Mitchell appeared truthful; whether he appeared intoxicated, or under the influence of drugs; whether his behavior was consistent with his statement; and, whether he said anything else that may or may not have been inconsistent. Simply stated, without Officer Hampton's testimony, it is impossible for the Court to make the determination of trustworthiness that is prerequisite to admission under Rule 807.

The reliability determination is particularly important where, as here, the statement's prejudicial value is extremely high. Mr. Mitchell is the only civilian witness to claim that one of the nightclub security officers carried a gun on the night of the incident. At the same time, Mr. Mitchell describes his assailant in very generic terms, and does not identify Plaintiff by name. Without a proper inquiry into the statement's trustworthiness, the Court is compelled to rule that its potential for prejudice outweighs its probative value. *See* Fed. R. Evid. 403.

Lastly, the Court does not believe Mr. Mitchell's statement is more probative than any other evidence on the question of whether Plaintiff carried a gun. Defendant has testimony by at least two other officers that Plaintiff was armed on the night of the incident. While it is true that Mr. Mitchell is the only civilian witness who saw Plaintiff

5

with a gun, this does not suffice to render his statement more probative than multiple corroborating testimonies by law-enforcement officers.

### 2. Officer Mitchell's Preliminary Complaint Record

Defendant seeks to introduce testimony by Officer Lawrence Mitchell, who arrived at the scene after the shooting, and found Plaintiff lying injured inside the nightclub. According to Officer Mitchell, Plaintiff stated he had a gun, which he dropped in the nightclub hallway after he was shot. Officer Mitchell writes that Plaintiff then recanted, and said he had recently been arrested for carrying a concealed weapon. Officer Mitchell recorded this exchange in a Preliminary Complaint Record written on the morning of the incident, specifying that Plaintiff was "in and out" while he made these statements.

Plaintiff claims Officer Mitchell should not be allowed to testify about his conversation with Plaintiff, because Plaintiff's injuries rendered him incapable of making any reliable statement at the time. The Court disagrees. Plaintiff's statement to Officer Mitchell is admissible either as an admission by party-opponent, under Rule 801(d)(2), or under the excited-utterance exception to hearsay of Rule 803(2) (statement relating to a startling event, made during or shortly after the event by a person who observed it personally). Whether Plaintiff was competent to make this statement, having just been shot, is a question which goes to the weight of the evidence, not to its admissibility.

## IV. CONCLUSION

Defendant's motion is **GRANTED IN PART**, and **DENIED IN PART**. Plaintiff may not make reference to the City of Detroit Law Department, or to other notorious cases of

police brutality. However, Plaintiff may mention the City of Detroit, but only in the context of Defendant's employment as a police officer, and not with regard to Defendant's insurance coverage. As to alleged instances of prior wrongdoing by Defendant, the Court reserves a ruling on the matter until trial.

Plaintiff's motion is **GRANTED IN PART**, and **DENIED IN PART**. The statement of Michael Mitchell will not be admitted; however, Officer Lawrence Mitchell can testify to statements made by Plaintiff immediately after he was shot.

**IT IS ORDERED**.

S/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: March 9, 2010

The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on March 9, 2010.

s/Carol A. Pinegar
Deputy Clerk